IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


PHILLIP MAURICE FRANKLIN,
      Plaintiff,

vs.                                    Case No.: 5:08cv17/RS/EMT

OFFICER TERAN SMITH, et al.,
      Defendants.
_____/

### <u>REPORT AND RECOMMENDATION</u>

      This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C.
§ 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 6).

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied
that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be
granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28
U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable
basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104
L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are
"indisputably meritless," <i>id.</i>, 490 U.S. at 327, or when the claims rely on factual allegations that are
"clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340
(1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule
of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997).  The
allegations of the complaint are taken as true and are construed in the light most favorable to
Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997).  The
complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its
face. <i>See</i> <u>Bell Atl. Corp. v. Twombly</u>, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21,
2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion

to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff is currently incarcerated at Apalachee Correctional Institution ("ACI") (Doc. 1 at 2). He names five Defendants in this action, all of whom are prison officials at ACI, Officer Teran Smith, Captain Scott, Officer Lloyd, Sergeant Carpenter, and Officer Williams (*id*. at 1, 2). Plaintiff alleges that on October 28, 2007, he was charged with disorderly conduct based upon a report by Defendant Smith that he was counseling Plaintiff when Plaintiff became loud and began waving his hands in a hostile manner, thereby attracting the attention of other inmates in the area (*id*. at 7). Plaintiff claims that the disciplinary report was false (*id*. at 8). He additionally claims that the officers have been harassing him for no reason, and he is in fear forf his life at ACI (*id*.). As relief, Plaintiff seeks restoration of gain time credits he lost as a result of the disciplinary report (*id*.). Additionally, he requests that Defendants be dismissed from their employment, and he appears to seek damages for pain and suffering that resulted from Defendants' alleged mistreatment (*id*.).

Civil rights actions are not the proper method for challenging and impliedly overturning a disciplinary conviction. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973), *quoted in* Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003). Preiser holds that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. Subsequently, in Heck v. Humphrey, the Supreme Court made it clear that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (footnote omitted). The Supreme Court extended Heck and made it explicitly applicable to claims surrounding prison disciplinary

hearings.  *See* <u>Edwards v. Balisok</u>, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (indicating that a claim attacking only procedure, not result, of a prison disciplinary hearing may still fail to be cognizable under section 1983 unless the prisoner can show that the conviction or sentence has been  previously  invalidated).   Most  recently,  the  Supreme  Court  reiterated  that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or  internal  prison  proceedings)—if  success  in  that  action  would  necessarily  demonstrate  the invalidity of confinement or its duration."  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L. Ed. 2d 253 (2005).  Plaintiff's present civil rights action, if successful, would do just that. Granting Plaintiff the relief he seeks, specifically, restoring his forfeited gain time, would invalidate the disciplinary report.  Doing so would effectively overturn the disciplinary report and subsequent conviction, which would result in Plaintiff's speedier release from prison by restoring the forfeited gain time.  This cannot be done through this civil rights action.

Accordingly, it is respectfully **RECOMMENDED**:

That  this  cause  be  **DISMISSED**  for  failure  to  state  a  claim  pursuant  to  28  U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this <u>11</u><sup>th</sup>  day of February 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**